# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **Advanced Reimbursement Solutions, LLC**, a Delaware limited liability company;<br><br>Plaintiff<br><br>v.<br><br>**Clayton Outpatient Surgical Center, Inc.**, a Georgia corporation; **Clayton Mobile Diagnostic Clinic, Inc.**; a Georgia corporation; **Stanley R. Kalish**, an individual; and **Miriam Meri Shalem**, an individual;<br><br>Defendants. | Civil Action File No: |

## COMPLAINT

For its Complaint against Defendant Clayton Outpatient Surgical Center, Inc. ("Clayton Outpatient"), Defendant Clayton Mobile Diagnostic Clinic, Inc. ("Clayton Mobile"), Stanley R. Kalish ("Kalish"), and Miriam Meri Shalem ("Shalem") (collectively, "Defendants"), Plaintiff Advanced Reimbursement Solutions, LLC ("ARS") alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. ARS is a Delaware limited liability company with its principal place of business in Phoenix, Arizona.

2. The sole member of ARS is Pantheon Global Holdings, LLC.

3. The three individual members of Pantheon Global Holdings, LLC are each citizens of Arizona.

4. Clayton Outpatient is a Georgia corporation with its principal place of business in Jonesboro, Georgia.

5. Clayton Mobile is a Georgia corporation with its principal place of business in Jonesboro, Georgia.

6. Upon information and belief, Kalish is a citizen of Georgia.

7. Upon information and belief, Shalem is a citizen of Florida.

8. The amount in controversy exceeds $75,000.00.

9. This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332.

10. This Court has general personal jurisdiction over Clayton Outpatient, Clayton Mobile, and Kalish because they are residents in this District and this Court has specific personal jurisdiction over Shalem because she is a

joint obligor with the other Defendants and transacts business within this District within the meaning of O.C.G.A. § 9-10-91.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

12. On or around July 31, 2019, ARS and the Defendants entered into a Settlement and Release Agreement (the "Settlement Agreement").

13. According to Section 1 of the Settlement Agreement, Defendants "shall pay ARS a combined total of Two Hundred Fifty-Four Thousand Three Hundred Twenty-Six Dollars and Thirteen Cents ($254,326.13) by a check made payable to [ARS] on or before 5:00 p.m. Eastern Time, September 30, 2019."

14. Section 1 of the Settlement Agreement further states that Defendants "shall deliver the check via certified mail to counsel for ARS" to an address in Phoenix, Arizona.

15. In exchange for Defendants' obligations under Section 1 of the Settlement Agreement, Plaintiff agreed to release certain claims against Defendants pursuant to Section 6 of the Settlement Agreement.

16. On or around September 30, 2019, Defendants delivered $48,147.50 via check to ARS in partial satisfaction of their obligations under the Settlement Agreement.

17. To date, Defendants have not paid the remaining amount that they owe to ARS pursuant to the Settlement Agreement.

18. The remaining amount that Defendants owe to ARS is $206,178.63.

## COUNT ONE

### BREACH OF THE SETTLEMENT AGREEMENT
### (AGAINST ALL DEFENDANTS)

19. ARS incorporates the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

20. The Settlement Agreement between ARS and Defendants is a valid, binding, and enforceable contract.

21. Defendants materially breached the Settlement Agreement by, among other things, failing to pay the full amount they owe to ARS.

22. As a direct and proximate result of Defendants' breach of contract, ARS has suffered damages in an amount to be proven at trial, but in no event less than $206,178.63, plus all accrued and accruing interest.

23. ARS is also entitled to recover its reasonable attorneys' fees and costs related to Defendants' breach pursuant to O.C.G.A. § 13-6-11.

## COUNT TWO

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (AGAINST ALL DEFENDANTS)

24. ARS incorporates the allegations contained in paragraphs 1 through 23 as though fully set forth herein.

25. The Settlement Agreement contains an implied covenant of good faith and fair dealing, pursuant to which Defendants are prohibited from depriving ARS of the benefits of the Settlement Agreement.

26. Contrary to their duty to act in good faith, Defendants deprived ARS of the benefits of its bargain by, among other things, failing to timely pay amounts due and owing under the Settlement Agreement.

27. As a direct and proximate result of Defendants' violation of the covenant of good faith and fair dealing, ARS has suffered damages in an amount to be proven at trial, but in no event less than $206,178.63, plus all accrued and accruing interest.

28. ARS is also entitled to recover its reasonable attorneys' fees and costs related to Defendants' breach pursuant to O.C.G.A. § 13-6-11.

## COUNT THREE

### ATTORNEYS' FEES AND OTHER COSTS AND EXPENSES OF LITIGATION
### (AGAINST ALL DEFENDANTS)

29. ARS incorporates the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

30. ARS has incurred attorneys' fees and litigation expenses and will incur additional attorneys' fees and litigation expenses as a result of Defendants' conduct that forced ARS to bring and prosecute this lawsuit.

31. Within the meaning of O.C.G.A. § 13-6-11, Defendants have acted in bad faith, and/or been stubbornly litigious, and/or caused ARS unnecessary trouble and expense, thereby entitling it to recover its expenses of this litigation, including reasonable attorneys' fees and other litigation costs from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, ARS prays for judgment against Defendants:

a. Judgment against Defendants and in favor of ARS for damages as described herein;

b. Pre-judgment and post-judgment interest on all damages awarded;

c. An award of all reasonable attorneys' fees and costs incurred by ARS pursuant to O.C.G.A. § 13-6-11.

    d.    For any and all other relief this Court deems proper.

Respectfully submitted this 25th day of November, 2020.

                                            **WINTER CAPRIOLA ZENNER LLC**

                                      By: /s/ Eric B. Coleman
                                                 Eric B. Coleman
                                                 Georgia Bar No. 107648

*Attorneys for Plaintiff*
One Securities Centre
3490 Piedmont Road, N.E, Suite 800
Atlanta, GA 30305
(404) 844-5700
(404) 844-5701 (fax)
ecoleman@wczlaw.com

## RULE 7.1 CERTIFICATE OF COMPLIANCE WITH L.R. 5.1
## AND CERTIFICATE OF SERVICE

I certify that the foregoing document was prepared using 14 point Times New Roman font in compliance with Local Rule 5.1. This certificate is given in compliance with Local Rule 7.1(D).

This 25th day of November, 2020.

                                        **WINTER CAPRIOLA ZENNER, LLC**

                                        By: /s/ Eric B. Coleman
                                        Eric B. Coleman
                                        Georgia Bar No. 107648
                                        3490 Piedmont Road, N.E., Suite 800
                                        Atlanta, GA 30305
                                        (404) 844-5700 (phone)
                                        (404) 844-5701 (fax)
                                        ecoleman@wczlaw.com